GARDEN, JUDGE:
Shortly after 6:00 p.m. on August 10, 1979, the claimant was proceeding in a southerly direction on Secondary Route 9/1, commonly referred to as Coal River Road. He was proceeding from his place of employment to his home located six miles beyond and south of the scene of the accident. The road at the accident scene had been a two-lane asphalt roadway and ran generally parallel to Coal River located east of the road, but sometime earlier a slip had occurred on the east side of the road which eliminated the berm and had, in fact, undermined the northbound lane on Route 9/1, and, as a result, has reduced the width of the road to a one-lane roadway. According to the evidence, appropriate, permanent warning signs had been erected by respondent warning motorists of the one-lane area. A conflict in the evidence developed in respect to the existence of speed limit signs, but the testimony of one of the investigating officers from the Department of Public Safety established that the speed limit in the area was 25 miles per hour.
To correct the situation, the respondent had purchased a portion of land on the west side of Route 9/1 and on August 8, 1979, commenced repairs by removing trees from the purchased property and on the following day had started to excavate into this property on the west side of the road in order to create a new southbound lane. Consequently, on the evening of the accident, the surface of the partially completed southbound lane consisted of dirt. After completing work around 4:00 p.m. the southbound lane was dry, but, apparently, between then and the time of the accident, a heavy rain had fallen turning the new southbound lane into a sea of mud. This muddy and very hazardous condition was vividly portrayed in photographs taken shortly after the accident and were introduced in evidence.
As the claimant approached the scene of the accident he was required to negotiate a turn to the right, and, according to his *421 testimony, it was not until he was well into the right-hand turn that he had an opportunity to observe the condition of the road in the construction area. As a result of striking this very muddy and slippery area, the claimant lost control of his car, and it went left of center and over the embankment immediatly next to the northbound lane, a sheer drop of 40 feet to the river bank below. The car landed on its roof on the river bank, and it was truly miraculous that the claimant was not more seriously injured than he was. He was later taken from the accident scene to the emergency room by his wife but was not admitted to the hospital. He was off from work for a period of one week, and while he suffered no loss of salary, he did lose, as a result, one-week paid vacation. According to the claimant, while he suffered pain for two or three months after the accident, at the time of the hearing he had fully recovered from all injuries.
Claimant contends that the respondent failed to exercise reasonable care in maintaining the construction area in a reasonably safe condition during the construction and that it also failed to erect the necessary signs or warning devices necessary to warn a southbound motorist that he was approaching an area of danger. Respondent, however, contends that the claimant was travelling at an unreasonable rate of speed under the conditions then and there existing, that he failed to observe the permanent warning signs that had been erected, and that his automobile was in a defective condition in that its tires were bald. A review of the testimony and exhibits introduced in evidence at the hearing leads the Court to the conclusion that the evidence preponderates in favor of the claimant, but that the claimant was also guilty of some negligence which contributed to the accident. This negligence on the part of the claimant amounted to 10%, with 90% being attributable to the respondent.
Medical expenses incurred by the claimant amounted to $313.39; indirect wage loss of $225.00 was sustained; and property damages sustained were in the amount of $510.00. Considering the pain and suffering experienced by the claimant, the Court is of the opinion that an award of $2,300.00, reduced by 10%, would provide adequate and fair compensation to the claimant for his injuries, damages and losses.
Award of $2,070.00.